# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| STANLEY B. SCHEINMAN,<br>   Plaintiff,<br><br>  v.<br><br>GLASS AND BRAUS,<br>   Defendant. | No. 3:18-cv-1551 (SRU) |

## RULING ON PENDING MOTIONS

Stanley B. Scheinman, proceeding *pro se*, brought this action against law firm Glass and Braus and attorney Jessica Braus[1] to enjoin their collection of a disputed debt and to recover related damages. Scheinman asserts violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., Connecticut Unfair Trade Practices Act, CONN. GEN. STAT. § 42-110a et seq., and Connecticut common law. Am. Compl., Doc. No. 39.

Pending before the Court is a motion for a temporary restraining order and injunctive relief, a motion for clarification, a motion for a more definite statement, two motions to strike, a motion for a default entry, a motion for sanctions, and two motions to compel. For the reasons set forth below, all motions are **denied**.

### I.  Motion for Temporary Restraining Order and Injunctive Relief (Doc. No. 3)

In his Motion for a Temporary Restraining Order and Injunctive Relief, Scheinman seeks to enjoin Glass and Braus from "engaging in any collection action" until they "demonstrate . . . compliance" with the Federal Debt Collection Practices Act. *See* Mot. for TRO, Doc. No. 3, at 2, 3.

---

[1] On August 26, 2019, Scheinman voluntarily withdrew all claims against Jessica Braus. *See* Doc. No. 76.

Preliminary injunctive relief is an "extraordinary remedy" that is "never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The Second Circuit applies similar standards in reviewing motions for temporary restraining orders and preliminary injunctions, and district courts have likewise "assumed them to be the same." *See Foley v. State Elections Enforcement Com'n*, 2010 WL 2836722, at *3 (D. Conn. July 16, 2010) (internal citations omitted). Under this standard, a movant must establish "a threat of irreparable harm" and either (1) "a probability of success on the merits" or (2) "sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in favor of the moving party." *Id.* (internal citations omitted).

The Second Circuit has interpreted "irreparable harm" as an "injury for which a monetary award cannot be adequate compensation," and has therefore declined to issue preliminary injunctions when money damages offer adequate compensation. *See Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). In the instant motion, Scheinman has not demonstrated that a monetary award would fail to adequately compensate him for any loss he would endure as a result of Glass and Braus's debt collection. Therefore, his motion is **denied**.

**II.     Motion for Clarification on Order for More Definite Statement (Doc. Nos. 34 and 35)[2]**

Scheinman also moves for the Court to clarify and modify an order entered on November 29, 2018, in which I granted Glass and Braus's motion for a more definite statement of Scheinman's complaint and directed Scheinman to file an amended complaint limited to fifteen pages. *See* Order Granting Mot. for More Definite Statement, Doc. No. 29. In light of Scheinman's Amended Complaint, which was filed on January 3, 2019, I **deny** the motion as moot.

---

[2] The motions in Docket Numbers 34 and 35 are identical.

### III. Motion for More Definite Statement (Doc. No. 42)

Glass and Braus moves for a more definite statement of Scheinman's Amended Complaint under Federal Rule of Civil Procedure Rule 12(e). *See* Mot. for More Definite Statement, Doc. No. 42. Glass and Braus specifically seeks to remove the "Background" section of the Amended Complaint, which details the motion practice and the Court's orders in this action thus far. *See* Mem. In Support of Mot. for More Definite Statement, Doc. No. 43, at 2–3. According to Glass and Braus, that information is "improper and do[es] not belong in the Complaint." *Id*. at 3.

The objective of Federal Rule of Civil Procedure Rule 12(e), however, is "to remedy unintelligible pleadings," not to remove purportedly improper sections from a complaint. *Pullen v. NorthStar Presidio Mgmt. Co.*, No. 3:98 CV 771 (WWE), 1998 WL 696010, at *1 (D. Conn. Sept. 11, 1998). To that end, Federal Rule of Civil Procedure Rule 12(e) permits a party to move for a more definite statement when the complaint is "so vague or ambiguous that a party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

In this case, Glass and Braus has not established that Scheinman's Amended Complaint is so defective as to preclude it from responding. For that reason, and because motions for more definite statement are "generally disfavored," the motion is **denied**. *Pullen*, 1998 WL 696010, at *1. Glass and Braus shall file a responsive pleading within 14 days of this order.

### IV. Motion to Strike in Part Glass and Braus's Rule 26(a)(1) Initial Disclosures (Doc. No. 47)

Scheinman moves to strike portions of Glass and Braus's Rule 26(a)(1) Initial Disclosures that he alleges are, among other things, immaterial, scandalous, and false. *See* Mot. to Strike in Part Defs.' Rule 26(a)(1) Initial Disclosure, Doc. No. 47, at 1–2. In response, Glass and Braus contends that such disclosures were "properly made based on the information readily

3

available to them at the time." Obj. to Mot. to Strike in Part Defs.' Rule 26(a)(1) Initial Disclosure, Doc. No. 57, at 1.

Federal Rule of Civil Procedure Rule 12(f) permits a court "to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Federal Rule of Civil Procedure Rule 7(a), in turn, defines a pleading as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a); *see also Nino v. Countrywide Home Loans, Inc.*, No. 3:18-CV-2086(JCH), 2019 WL 1320282, at *1 (D. Conn. Mar. 22, 2019), *reconsideration denied,* No. 3:18-CV-2086(JCH), 2019 WL 2357565 (D. Conn. June 4, 2019). Because Rule 26(a)(1) Initial Disclosures are not pleadings, I **deny** the motion.

### V. Motion for a Default Entry (Doc. No. 48)

Scheinman additionally moves for an entry of default against Glass and Braus under Federal Rule of Civil Procedure Rule 55(a) on the ground that Glass and Braus has "failed to appear, plead or otherwise defend within the time allowed." Mot. for Default Entry, Doc. No. 48, at 2. Glass and Braus objects, citing as support its Rule 12(e) Motion for a More Definite Statement and its objection to Scheinman's Motion to Grant Plaintiff Leave to Amend Complaint, both of which were pending until this order. Defs.' Obj. to Pl.'s Mot. for Default Entry, Doc. No. 50, at 1.

Under Federal Rule of Civil Procedure Rule 55(a), if "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend the action, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P.

55(a). Once default has been entered, the plaintiff may seek a default judgment under Rule 55(b). *See* Fed. R. Civ. P. 55; *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

Consistent with its preference to decide cases on the merits, the Second Circuit has adopted a "broad understanding" of the phrase "otherwise defend." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011); *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) ("[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."). Here, I conclude that Glass and Braus has sufficiently defended this action for purposes of Federal Rule of Civil Procedure Rule 55. Significantly, Glass and Braus filed a Rule 12(e) Motion for a More Definite Statement in response to Scheinman's Amended Complaint, which was pending until this order. In addition, Glass and Braus filed a Rule 26(f) Report, as well as objections to Scheinman's multiple motions. For those reasons, I find Scheinman's arguments unavailing and **deny** his motion.

### VI. Motion for Sanctions (Doc. No. 59)

Glass and Braus moves to assess sanctions against Scheinman under Federal Rule of Civil Procedure Rule 11(b) for his motion for a default entry. *See* Mot. for Sanctions, Doc. No. 59. Glass and Braus asserts that the motion was "frivolous," that Scheinman "lacked a good faith basis" for such request, and that it was intended to "harass the Defendants and needlessly increase the cost of litigation." *Id*. at 1–2. In response, Scheinman appears to argue that the motion has legal merit because Glass and Braus has "not answered nor moved for an extension of time to answer." Obj. to Mot. for Sanctions, Doc. No. 61, at 1. Scheinman also avers that he lacks "knowledge and experience in litigation matters" and contends that the motion was, at worst, "an honest mistake." *Id*. at 2.

5

Under Federal Rule of Civil Procedure Rule 11(b) and (c), "[s]anctions may be—but need not be—imposed when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012). The Second Circuit has set a high bar for awarding sanctions and generally awards sanctions only under "extraordinary circumstances." *Jackson v. Connecticut Dep't of Pub. Health*, No. 3:15-CV-750 (CSH), 2016 WL 1531431, at *4 (D. Conn. Apr. 15, 2016) (internal citations omitted). In this case, I cannot conclude that Scheinman's motion for a default entry was frivolous, nor can I find support for the argument that such motion was filed for an improper purpose. For the foregoing reasons, I **deny** the motion.

### VII. Motion to Strike Motion for Sanctions (Doc. No. 62)

Scheinman moves to strike Glass and Braus's Motion for Sanctions, Doc. No. 59. *See* Mot. to Strike Mot. for Sanctions, Doc. No. 62. Like Rule 26(a)(1) Initial Disclosures, motions do not qualify as pleadings under Federal Rule of Civil Procedure Rule 7(a). *See Nino*, 2019 WL 1320282, at *1 (citing Fed. R. Civ. P. 7(a) (defining pleadings) and Fed. R. Civ. P. 7(b) (defining motions)). I therefore **deny** the motion.

### VIII. Motion to Compel (Doc. No. 70)

Scheinman also moves to compel responses to his Interrogatories and Requests for Production under Federal Rule of Civil Procedure Rule 37(a)(3)(B). Mot. to Compel, Doc. No. 70. Because Glass and Braus asserted its objections to the discovery requests on August 1, 2019, two days after his motion was filed, I **deny** the motion as moot.

## IX. Motion to Compel (Doc. No. 74)

In his second Motion to Compel, Scheinman asserts that Glass and Braus's objections to his Interrogatories and Requests for Production lack legal merit. Mot. to Compel, Doc. No. 74, at 1–4. He requests that the Court direct Glass and Braus to "substantively respond" within 14 days. *Id*. at 5.

As a preliminary matter, District of Connecticut Local Rule 37 provides that "[n]o motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution." D. CONN. L. CIV. R. 37(a). In the event this discussion does not "fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement." *Id*.

Here, Scheinman's statement that he "attempted to communicate" with opposing counsel by phone and e-mail about discovery disputes "without success" falls short of the certification required under Local Rule 37. Mot. to Compel, Doc. No. 74, at 6. In particular, his statement does not specify that Scheinman discussed the discovery issue with opposing counsel in good faith. Accordingly, the motion to compel is **denied without prejudice to refiling** following the required conference.

**ORDERS**

Scheinman's Motions: for Temporary Restraining Order and Injunctive Relief (Doc. No. 3) is **DENIED**; for Clarification on Order for More Definite Statement (Doc. Nos. 34 and 35) is **DENIED AS MOOT**; to Strike Glass and Braus's Rule 26(a)(1) Initial Disclosures (Doc. No. 47) is **DENIED**; for a Default Entry (Doc. No. 48) is **DENIED**; to Strike Motion for Sanctions (Doc. No. 62) is **DENIED**; to Compel (Doc. No. 70) is **DENIED AS MOOT**; and to Compel (Doc. No. 74) is **DENIED WITHOUT PREJUDICE**.

Glass and Braus's Motions for More Definite Statement (Doc. No. 42) and for Sanctions (Doc. No. 59) are **DENIED**. Glass and Braus shall file a responsive pleading within 14 days of this order.

So ordered.

Dated at Bridgeport, Connecticut, this 4th day of September 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge